MEMORANDUM *
Petitioner David Singui petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his untimely-filed motions to reopen proceedings. We grant the petitions and remand with instructions to reopen Singui’s deportation proceedings.
1. Singui first argues that the BIA used the wrong standard in denying his motions because it required him to show changed country conditions rather than changed circumstances arising in the country. However, the BIA used both terms interchangeably, as we have in our case law. See, e.g., Toufighi v. Mukasey, 538 F.3d 988, 993-94 (9th Cir.2008); Malty v. Ashcroft, 381 F.3d 942, 945-47 (9th Cir. 2004). Therefore, the BIA did not apply the wrong standard to evaluate Singui’s motions.
2. Next, Singui argues that the BIA erred in concluding that he failed to show changed circumstances in Cameroon, which is an exception that permits untimely-filed motions to reopen. 8 C.F.R. § 1003.2(c)(2), (3). Singui submitted new evidence that was not available at the time of the proceedings before the Immigration Judge (“IJ”). The evidence included emails from another anti-government ac *641 tivist who said that he was detained in 2008 and that the authorities specifically asked him about Singui, several articles showing that the government continues to mistreat activists like Singui, and a 2010 news article stating that Singui’s name appears on a government “black list” of individuals known for anti-government political activism. We conclude that the BIA erred in rejecting Singui’s evidence. First, in denying relief, the IJ previously found that Singui was not credible, based in part on the lack of corroborating documentary evidence. Singui’s new documents — the previously unavailable emails and articles — therefore undermine part of the IJ’s rationale in making the adverse credibility finding. See Bhasin v. Gonzales, 423 F.3d 977, 985-86 (9th Cir.2005) (ruling that the BIA abused its discretion by denying a motion to reopen where new evidence “completely undermined” the IJ’s rationale for denying the petitioner’s asylum application). Second, while the evidence Singui presented to the IJ was principally a showing of past mistreatment in Cameroon, Singui’s new materials suggest Cameroon has in recent years both targeted him specifically and persecuted a man who participated in the same political activism as Singui. His new evidence therefore appears “qualitatively different” from the evidence previously presented to the IJ. See Malty, 381 F.3d at 945-47 (ruling that the BIA should have reopened where new evidence showed persecutors in Egypt were specifically targeting the petitioner and attacking similarly-situated family members, in contrast to previous evidence limited to incidents of harassment and discrimination).
Third, the BIA improperly faulted Sin-gui for failing to submit an affidavit in support of his motions to reopen, but the relevant regulation permits the submission of evidentiary material without an accompanying sworn statement. See 8 C.F.R. § 1003.2(c)(1); Indradjaja v. Holder, 737 F.3d 212, 219 (2d Cir.2013) (stating that 8 C.F.R. § 1003.2(c)(1) “does not mandate that any affidavit be submitted, let alone require one specifically from the petitioner.”). Finally, the BIA’s conclusion that Singui’s evidence merely shows a continuation of the same conditions in Cameroon fails to recognize sufficiently that facts supporting changed circumstances will almost always relate to the original claim. Thus, “[t]he critical question is not whether the allegations bear some connection to a prior application, but rather whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.” Malty, 381 F.3d at 945.
PETITIONS GRANTED with instructions to reopen.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.